IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,533






EX PARTE ROBERT EDWARD TUTTLE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 0216743 IN THE 8
TH JUDICIAL DISTRICT COURT


FROM HOPKINS COUNTY






 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
assault and sentenced to life imprisonment. His appointed appellate counsel failed to file a timely
notice of appeal, and Applicant's direct appeal was dismissed for want of jurisdiction. 

 This Court granted Applicant an out-of-time appeal in response to Applicant's first writ of
habeas corpus, on September 15, 2004. New appellate counsel was appointed to represent Applicant
in his out-of-time appeal on September 24, 2004. The mandate of this Court issued on October 13,
2004. However, no notice of appeal was filed on Applicant's behalf, and his out-of-time appeal was
not pursued.

 In this writ, Applicant contends that appellate counsel appointed to represent him in his out-of-time appeal rendered ineffective assistance because he failed to communicate with Applicant, and
failed to timely file a notice of appeal take any other action on Applicant's appeal. We remanded
this application to the trial court for findings of fact and conclusions of law.

 The trial court has determined that Applicant was denied his right to appeal because his
notice of appeal and appellate brief were not timely filed. We find, therefore, that Applicant is
entitled to a second opportunity to file an out-of-time appeal of the judgment of conviction in Cause
No. 0216743 from the 8th Judicial District Court of Hopkins County, Texas. Applicant is ordered
returned to that time at which he may give a written notice of appeal so that he may then obtain a
meaningful appeal. All time limits shall be calculated as if the sentence had been imposed on the
date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute
an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30
days after the mandate of this Court issues.


Delivered: November 1, 2006

Do Not Publish